IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELGIN M. BROWN, #195346, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-125-WHA |
| | ) [WO] |
| | ) |
| LEEPOSEY DANIELS, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Elgin Brown ("Brown"), an indigent state inmate. In the complaint, Brown challenges the conditions of confinement to which he was subjected during a previous term of incarceration at the Elmore Correctional Facility.

Pursuant to the orders of this court, the defendant filed a written report supported by relevant evidentiary materials in which he addressed the claims for relief presented by Brown. The report and evidentiary materials address the conclusory allegations presented by Brown in the complaint. Specifically, the affidavit and records filed by the defendant demonstrate that the conditions about which Brown complains did not violate the Constitution.

In light of the foregoing, the court issued an order directing Brown to file a response to the defendant's written report. *Order of September 15, 2014 - Doc. No. 15*. The order advised Brown that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1 (emphasis in original). Additionally, the order "specifically cautioned [the plaintiff] that [his failure] to file a

response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*. The time allotted Brown for filing a response in compliance with the directives of this order expired on October 6, 2014. *Id*. As of the present date, Brown has failed to file a requisite response in opposition to the defendant's written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Brown is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Brown's inaction in the face of the defendant's report and the overwhelming evidence refuting the claims raised herein strongly suggests he does not seek to proceed with this case. Consequently, it appears that any additional effort by this court to secure his compliance would be unavailing. Finally, the undisputed evidentiary materials submitted by the defendant indicate that no violation of Brown's constitutional rights occurred. In light of the foregoing, the court concludes that Brown's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that

this case be dismissed without prejudice.  It is further

ORDERED that on or before November 13, 2014, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 30th day of October, 2014.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE